﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190304-24238
DATE: February 27, 2020

ORDER

Service connection for chemical exposure is denied.

REMANDED

Entitlement to service connection for a right wrist disability, to include carpal tunnel syndrome and residuals, is remanded.

Entitlement to service connection for a left wrist disability, to include carpal tunnel syndrome and residuals, is remanded.

Entitlement to service connection for a heart disability, to include atrial fibrillation is, remanded.

Entitlement to service connection for a thyroid disorder is remanded.

Entitlement to service connection for a gastrointestinal disability, to include irritable bowel syndrome (IBS), is remanded.

Entitlement to service connection for a hysterectomy and residuals, to include endometriosis and fibroids, is remanded.

Entitlement to service connection for osteopenia is remanded.

Entitlement to service connection for bilateral lower extremity fatty tumors is remanded. 

Entitlement to service connection for breast cancer residuals is remanded.

FINDING OF FACT

Exposure to chemicals is not in, and of itself, considered to be a disability for 

VA purposes. 

CONCLUSION OF LAW

The criteria for service connection for chemical exposure have not been met. 38 U.S.C. § 1110, 5103; 38 C.F.R. § 3.159, 3.303. 

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran served in the United States Army from September 1967 to May 1969. The Veteran testified before the undersigned Veterans Law Judge (VLJ) at a videoconference Board hearing in November 2019. A transcript of that hearing is of record.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). AMA became effective on February 19, 2019. 

The Veteran selected the Hearing with a Veterans Law Judge lane when she submitted a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)) on March 4, 2019, noting the February 25, 2019 supplemental statement of the case (SSOC) when she opted in to the AMA framework. Accordingly, the Board will consider the evidence of record at the time of the February 2019 SSOC (the decision on appeal), and evidence submitted within 

90 days after the Board hearing on November 26, 2019.

Evidence was added to the claims file during a period of time when new evidence was not allowed — between February 25, 2019 and November 26, 2019. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. In order to establish entitlement to service connection, there must be 

1) evidence of a current disability; 2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and 

3) causal connection between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

The Veteran is competent to report symptoms and experiences observable by her senses. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a). VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. Davidson v. Shinseki, 

581 F.3d 1313, 1316 (Fed Cir. 2009).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 57–58 (1990).

1. Entitlement to service connection for chemical exposure.

The Veteran asserts service connection for toxic exposure at Fort McClellan. The Board notes that the Veteran’s records indicate service at Fort McClellan.

However, the Board notes that toxic/chemical exposure, in and of itself, is not a disability for VA purposes. The term “disability” as used for VA purposes refers to impairment of earning capacity. See Allen v. Brown, 7 Vet. App. 439, 448 (1995). Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability, thus, in the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). 

While the Veteran believes she should be service connected for toxic/chemical exposure to, it is not a disability for VA purposes. The Veteran’s claimed problems and conditions are being addressed in the Remand section below, and are being done with consideration of the Veteran’s assertions of toxic/chemical and radiation exposure. 

Service connection can only be granted for a disability resulting from disease or injury. See 38 U.S.C. §§ 1110. Toxic exposure is not a disability for which service connection can be granted. See 38 C.F.R, Part 4 (VA Schedule for Rating Disabilities). Therefore, the preponderance of the evidence is against the Veteran’s claim, and the benefit of the doubt does not apply. As such, service connection for toxic exposure is denied. See 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 

 

REASONS FOR REMAND

1. Entitlement to service connection for a right wrist/hand disability, to include carpal tunnel syndrome and trigger finger, is remanded.

2. Entitlement to service connection for a left wrist/hand disability, to include carpal tunnel syndrome and arthritis, is remanded. 

3. Entitlement to service connection for a heart disability, to include atrial fibrillation, is remanded.

4. Entitlement to service connection for a thyroid disorder is remanded.

5. Entitlement to service connection for a GI disability, to include irritable bowel syndrome (IBS), is remanded.

6. Entitlement to service connection for a hysterectomy and residuals, to include endometriosis and fibroids, is remanded.

7. Entitlement to service connection for osteopenia is remanded.

8. Entitlement to service connection for bilateral lower extremity tumors is remanded.

9. Entitlement to service connection for breast cancer residuals is remanded.

The Veteran asserts service connection for the above listed disabilities as due to toxic exposure, chemical/Agent Orange exposure, and radiation exposure during her service at Fort McClellan. 

Initially, the Board notes that some of the claims have been recharacterized. For example, service connection for arthritis has been included in her claim for service connection for a left wrist disability as her medical records show only left wrist arthritis. Additionally, service connection for endometriosis has been included in her claim for service connection for a hysterectomy and residuals. 

The Veteran has diagnoses of right hand trigger finger, left wrist arthritis, hypothyroidism, atrial fibrillation, osteopenia, hyperlipidemia and varicose veins, hysterectomy, breast cancer and residuals, and IBS.

The Veteran had service at Fort McClellan as documented in her service personnel records.

She asserts her disabilities are due to exposure to toxic chemicals, Agent Orange, and radiation from her time at Fort McClellan. In this regard, she has submitted numerous articles and documents that have shown chemicals and toxic exposure (polychlorinated biphenyls (PCBs)), and radiation exposure at Fort McClellan. 

In this matter, a remand is warranted to cure a pre-decisional duty to assist error. Here, the Veteran has asserted that her service at Fort McClellan exposed her to chemicals, toxins, and potentially radiation. As such, the record shows current disabilities and a possible in-service cause of her disabilities. Therefore, the Board finds that a remand is necessary so that examinations may be conducted of the Veteran’s disabilities and to determine whether they are related to service, to include to any exposure while at Fort McClellan.

Additionally, regarding the Veteran’s claim for service connection for breast cancer, a diagnosis of breast cancer is considered a “radiogenic disease” under 38 C.F.R. § 3.311(b)(2)(vii). However, the Veteran’s claims file does not show pre-decisional attempts to verify her radiation exposure. On remand, attempts are to be made to obtain documentation from appropriate sources, such as the Defense Threat Reduction Agency or the VA under Secretary for Benefits, regarding the possible radiation exposure at Fort McClellan.

The matters are REMANDED for the following actions:

1. For the below examinations, take steps to ensure each examiner is to review the Veteran’s submitted articles and contentions regarding exposure to toxins/chemicals, to include PCBs, while stationed at Fort McClellan. See e.g., 11/27/2019, Correspondence – PCB; 01/29/2020 Third Party Correspondence.

2. Schedule the Veteran for an examination by an appropriate examiner to determine the nature and etiology of right and left hand/wrist disability, to include left wrist arthritis and right-hand trigger finger. Then, address

(a.) Is it at least as likely as not (50 percent or greater probability) that the Veteran’s right and left hand/wrist disabilities were caused by a disease or injury in service, to include potential exposure to toxins/chemicals (PCBs)?

3. Schedule the Veteran for an examination by an appropriate examiner to determine the nature and etiology of any heart disability, to include atrial fibrillation. Then, address

(a.) Is it at least as likely as not (50 percent or greater probability) that the Veteran’s disabilities were caused by a disease or injury in service, to include exposure to toxins/chemicals (PCBs)?

4. Schedule the Veteran for an examination by an appropriate examiner to determine the nature and etiology of any thyroid disability. Then, address

(a.) Is it at least as likely as not (50 percent or greater probability) that the Veteran’s disability was caused by a disease or injury in service, to include exposure to toxins/chemicals (PCBs)?

5. Schedule the Veteran for an examination by an appropriate examiner to determine the nature and etiology of any gastrointestinal disability, to include IBS. 

 

Then, address

(a.) Is it at least as likely as not (50 percent or greater probability) that the Veteran’s gastrointestinal disability, to include IBS, was caused by a disease or injury in service, to include exposure to toxins/chemicals (PCBs)?

6. Schedule the Veteran for an examination by an appropriate examiner to determine the nature and etiology of her hysterectomy and residuals, Then, address

(a.) Is it at least as likely as not (50 percent or greater probability) that the Veteran’s hysterectomy and residuals were caused by a disease or injury in service, to include exposure to toxins/chemicals (PCBs)?

7. Schedule the Veteran for an examination by an appropriate examiner to determine the nature and etiology of her osteopenia, Then, address

(a.) Is it at least as likely as not (50 percent or greater probability) that the Veteran’s osteopenia, was caused by a disease or injury in service, to include exposure to toxins/chemicals (PCBs)?

8. Schedule the Veteran for an examination by an appropriate examiner to determine the nature and etiology of her bilateral lower extremity fatty tumors, Then, address

(a.) Is it at least as likely as not (50 percent or greater probability) that the Veteran’s disability was caused by a disease or injury in service, to include exposure to toxins/chemicals (PCBs)?

9. Schedule the Veteran for an examination by an appropriate examiner to determine the nature and etiology of her breast cancer and residuals, Then, address

(a.) Is it at least as likely as not (50 percent or greater probability) that the Veteran’s disability was caused by a disease or injury in service, to include exposure to toxins/chemicals (PCBs)?

If no, then, regarding the Veteran’s claim for breast cancer, 

-- Develop the Veteran’s assertion that she was exposed to radiation while stationed at Fort McClellan. See 11/26/2019 Third Party Correspondence. If evidence of possible exposure to radiation is found, obtain a dose assessment and an opinion. 

(Continued on the next page)

 

**Inform EACH examiner that a comprehensive rationale for all opinions must be provided. All pertinent evidence, including both lay and medical, should be considered. If an opinion cannot be provided without resorting to speculation, the examiner must explain why this is so and state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), the record (additional facts are required), or the examiner (does not have the knowledge or training).

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Garrett Morales, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.